"In care of"
Ryan Adam Dixon
R.F.D.
5060 Pecan Road
Ocala, FL 00000

U.S. DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON STATE

| | |
|---|---|
| RYAN ADAM DIXON,<br><br>    Plaintiff,<br><br>vs.<br><br>LEA ENNIS;<br><br>MASAKO KANAZAWA;<br><br>WASHINGTON STATE COURT OF APPEALS, DISTRICT 1<br><br>    Respondent | CASE #: 2:21-cv-01171 RSM<br><br>COMPLAINT AGAINST LEA ENNIS; MASAKO KANAZAWA; WASHINGTON STATE COURT OF APPEALS DISTRICT I<br>**CLERK ACTION REQUIRED**<br><br>RESERVE THE RIGHT TO AMEND<br>DEMAND FOR JURY TRIAL |

**Fed. R. Civ. P.** Rule 8. General Rules of Pleading

(a) Claim for Relief. A pleading that states a claim for relief must contain:

(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

**CLAIM FOR RELIEF AGAINST LEA ENNIS**

**(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;**

**Statement of Jurisdiction:**

Federal courts are authorized to hear cases brought under section 1983 pursuant to two statutory provisions: 28 U.S.C.A. § 1343(3) (1948) and 28 U.S.C.A. § 1331 (1948). The former statute permits federal district courts to hear cases involving the deprivation of civil rights, and the latter statute permits federal courts to hear all cases involving a federal question or issue. Cases brought under section 1983 may therefore be heard in federal courts by application of both jurisdictional statutes.

**(2) a short and plain statement of the claim showing that the pleader is entitled to relief;**

**Entitlement to relief:** The plaintiff is entitled to relief under 48 USC SEC 1983, 14th Amendment of the national constitution, and SCOTUS rulings for violation of the plaintiff's constitutional rights in Washington State Appeals Court.

**Violation:** In Washington State Appeals Court, District I, Lea Ennis entered a ruling as a coram non judice, a non judge, and a non lawyer, granting the respondent (in appeals court) an extension of time, against the plaintiff's objection (appellant in the lower court), with no authority to do so as a court clerk and as a coram non-judice, thereby circumventing a motion for default judgement by the plaintiff violating the Supreme Court Rulings, the 14th Amendment, and ruling under color of law. **Lea Ennis did so with a knowing indifference to the law and in excess of his/her position.**

**Result/Injury:** In entering rulings as a non judge/lawyer, deprived the plaintiff arbitrarily and unilaterally (appellant in the lower court) due process under the 14th amendment and circumvented his ability to obtain relief in state appeals court resulting in great amounts of emotional distress, time, and money.

**(3) a demand for the relief sought, which may include relief in the alternative or different types of relief:**

**DEMANDED RELIEF**

The plaintiff in this matter demands relief from the defendant of 900,000 troy ounces of .999 or higher of fine silver bullion

**I.    CLAIM FOR RELIEF AGAINST MASAKO KANAZAWA**

**(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;**

**Statement of Jurisdiction:** Federal courts are authorized to hear cases brought under section 1983 pursuant to two statutory provisions: 28 U.S.C.A. § 1343(3) (1948) and 28 U.S.C.A. § 1331 (1948). The former statute permits federal district courts to hear cases involving the deprivation of civil rights, and the latter statute permits federal courts to hear all cases involving a federal question or issue. Cases brought under section 1983 may therefore be heard in federal courts by application of both jurisdictional statutes.

**(2) a short and plain statement of the claim showing that the pleader is entitled to relief;**

**Entitlement:** The plaintiff is entitled to relief under 48 USC SEC 1983 and the 14th Amendment of the national constitution, and SCOTUS rulings for violation of the plaintiff's constitutional rights in Washington State Appeals Court.

**Violation:** In Appeals Court, Masako Kanazawa, as a commissioner, or a coram non-judice, entered a ruling denying a motion for default judgement, based on a "court clerk's" (Lea Ennis) ruling for an an extension of time, against the appellant's objection, arbitrarily, without authority and standing, and with no cited rules or prevailing law. **Kanazawa, commissioner, lawyer, acted with a knowing indifference to the law.**

**Result/Injury :** In entering arbitrary rulings, this has caused the plaintiff time, money, emotional distress, and a perpetuated deprivation of rights from the appealed case, as well

due process and potential entitled relief in the appealed case.

**(3)** a demand for the relief sought, which may include relief in the alternative or different types of relief.

**DEMANDED RELIEF:**

The plaintiff in this matter demands relief from the defendant of 900,000 troy ounces of .999 or higher of fine silver bullion

**CLAIM AGAINST WASHINGTON STATE COURT OF APPEALS, DISTRICT I**

(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

**Statement of Jurisdiction:** Federal courts are authorized to hear cases brought under section 1983 pursuant to two statutory provisions: 28 U.S.C.A. § 1343(3) (1948) and 28 U.S.C.A. § 1331 (1948). The former statute permits federal district courts to hear cases involving the deprivation of civil rights, and the latter statute permits federal courts to hear all cases involving a federal question or issue. Cases brought under section 1983 may therefore be heard in federal courts by application of both jurisdictional statutes.

**(2) a short and plain statement of the claim showing that the pleader is entitled to relief;**

This case is brought to seek damages under 48 USC SEC 1983 for violation of the plaintiff's constitutional rights by allowing in practice court clerk's (Lea Ennis) and Commissioner Masako Kanazawa (in Court of Appeals, District I, Washington State) for entering void and illegal rulings that circumvent due process under color of law under the 14th Amendment of the national constitution and Supreme Court of the United States rulings.

**Violation:** The lower court (Washington State Court of Appeals, District I), by allowing Lea Ennis, clerk, and Masako Kanazawa, commissioner, to enter rulings arbitrarily, without

citation of prevailing law, and in excess of authority of their positions, as coram non-judice, has circumvented the rights of due process under the 14th amendment and subjects the court itself along with the involved parties to damages under 42 SEC 1983. **The lower court does so with a knowing and willing indifference to the law.**

**Result/Injury:** By the lower court allowing such non judges to enter illegal rulings, arbitrarily, and without authority, has caused a perpetuated deprivation of rights from the original appealed case, along with due process violations, conceivable avenue of entitled relief, and emotional distress, time, and money.

**(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.**

**DEMANDED RELIEF**

The plaintiff in this matter demands relief from the defendant of 9,900,000 troy ounces of .999 or higher of fine silver bullion.

The Washington State Court of Appeals will change it's practices to no longer allow non lawyers, and non judges to enter rulings.

The Washington State Court of Appeals will require all ruling judges to cite prevailing law in their rulings.

**Title 42 U.S. Code 1983**

*1) Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state or territory, subjects, or causes to be subjected, any citizen or other person within the jurisdiction of the United States to the deprivation of any rights, privileges, or immunities secured by the Constitution and its law, is liable to the party injured at law, suit in equity or other proper proceeding for redress.*

*2) In any lawsuit brought, the Plaintiff, must prove that he or she has been deprived of a right "secured by the constitution and laws" and secondly, that the defend was acting "under*

*color of" any state law.*

## II. THE PURPOSE OF THE STATUTE 42 USC 1983:

*To deter public officials from using the badge of their authority to violate person's constitutional rights and to provide compensation and other relief to victims of constitutional deprivations when that deterrence failed." See Carey vs Piphus, 435 US 247, 253 (1978)*

## III. THE CIVIL RIGHTS ACT OF 1871:

*Is a Federal Statute, numbered 42 U.S.C. 1983, that allows people to sue the government for civil rights violations. It applies when someone acting "under color of" state-level or local law has deprived a person of rights created by the U.S. constitution or federal statutes.*

## IV. A PRIVATE INDIVIDUAL LIABILITY

*A private individual may be subject to 1983 liability "if he or she willfully collaborated with an official state actor in the deprivation of the federal right." Dwares vs. City of New York, 985, F.2d 94, 98 (2d Cir.1993)*

*(1) An agreement between a state actor and a private party; (2) To act in concert to inflict an unconstitutional injury; and (3) An Overt act done in furtherance of that goal causing damages*

## V. VIOLATION PENNOYER RULE AND CORAM NON-JUDICE (NON JUDGES)

*The adjudicated facts will prove that proceedings/rulings/judgements before a person not a judge coram non judice are in violation of due process and thereby cannot yield a*

*judgment/ruling under the Pennoyer Rule.*

**VI.** **WHAT IS A CORAM NON-JUDICE?**

[1] *"The proposition that the judgment of a court lacking jurisdiction is void traces back to the English Year Books, see Bowser v. Collins, Y. B. Mich. 22 Edw. IV, f. 30, pl. 11, 145 Eng. Rep. 97 (Ex. Ch. 1482), and was made settled law by Lord Coke in Case of the Marshalsea, 10 Coke Rep. 68b, 77a, 77 Eng. Rep. 1027, 1041 (K. B. 1612). Traditionally that proposition was embodied in the phrase coram non judice, "before a person not a judge" — meaning, in effect, that the proceeding in question was not a judicial proceeding because lawful judicial authority was not present, and could therefore not yield a judgment. American courts invalidated, or denied recognition to, judgments that violated this common-law principle long before the Fourteenth Amendment was adopted. See, e. g., Grumon v. Raymond, 1 Conn. 40 (1814); Picquet v. Swan, 19 F. Cas. 609 (No. 11,134) (CC Mass. 1828); Dunn v. Dunn, 4 Paige 425 (N. Y. Ch. 1834); Evans v. Instine, 7 Ohio 273 (1835); Steel v. Smith, 7 Watts & Serg. 447 (Pa. 1844); Boswell's Lessee v. Otis, 9 How. 336, 350 (1850). In Pennoyer v. Neff, 95 U. S. 714, 732 (1878), we announced that the judgment of a court lacking personal jurisdiction violated the Due Process Clause of the Fourteenth Amendment as well."* **Burnham v. Superior Court of Cal., County of Marin, 495 US 604 - Supreme Court 1990**

**VII.** What is **CORAM NON-JUDICE**? In presence of a person not a judge. When a suit is brought and determined in a court which has no jurisdiction in the matter, then it is

said to be coram non-judice, and the judgment is void.[1]

## VIII. PROCEEDINGS CORAM NON-JUDICE ARE ABSOLUTELY VOID TAKE JUDICIAL NOTICE OF AN ADJUDICATED FACT BY THE SUPREME COURT OF THE UNITED STATES IN MATTER VIRGINIA V. RIVES, 100 US 313-SUPREME COURT 1880 THAT ALL STATE PROCEEDINGS CORAM NON JUDICE ARE ABSOLUTELY VOID

It is an adjudicated fact by the Supreme Court in matter VIRGINIA v. RIVES, 100 US 313-SUPREME COURT 1880,[2] all proceedings before a person not a judge are coram non judice[3] are absolutely void.

1. **IT IS A FACT:** a commissioner or court clerk is not a judge and thereby are coram non-juice and any contested rulings/orders are void for lacking authority under the constitution and violates the due process clause of the 14th amendment;

2. **IT IS A FACT:** Violation of the 14th amendment is evidence, (See Exhibit A; B) before the court that a void ruling is causing the undersigned pain and suffering by illegal deprivation of rights under the 14th amendment and by circumventing the right to seek relief via a default judgement on appeal in accordance with the rule of law. The SCOTUS is the highest court on the land and is the court of last resort.

3. **IT IS AN ADJUDICATED** FACT IN MATTER **BURNHAM V SUPERIOR COURT** PRESCRIBED THAT JUDGMENTS BY PERSONS NOT JUDGES CORAM NON-

---

[1] What is CORAM NON-JUDICE? In presence of a person not a judge. When a suit is brought and determined in a court which has no jurisdiction in the matter, then it is said to be coram non-judice, and the judgment is void. **Manufacturing Co. v. Holt, 51 W. Va. 352, 41 S. E. 351**

[2] "All proceedings in the State court subsequent to the removals were Coram non-judice and absolutely void." **VIRGINIA v. RIVES, 100 US 313-SUPREME COURT 1880**

[3] "Traditionally that proposition was embodied in the phrase coram non judice, "before a person not a judge" — meaning, in effect, that the proceeding in question was not a judicial proceeding because lawful judicial authority was not present, and could therefore not yield a judgment." **Burnham v. Superior Court of Cal., County of Marin, 495 US 604 - Supreme Court 1990**

JUDICE ARE VOID FOR NOT HAVING PERSONAL JURISDICTION AND IS A VIOLATION OF THE 14TH AMENDMENT.

4. **IT IS A FACT** THE EVIDENCE OF A VOID JUDGMENT SIGNED BY A NON-JUDICIAL PERSON IS EVIDENCE TO SUPPORT THE CLAIM THAT THE UNDERSIGNED HAS BEEN INJURED BY ILLEGAL DEPRIVATION OF RIGHTS IN VIOLATION OF THE DUE PROCESS CLAUSE UNDER THE 14TH AMENDMENT.

5. **IT IS A FACT:** SUPREME COURT LAW VIRGINIA V RIVES, 100 US 313 - SUPREME COURT 1880 - THE COMMISSIONER/CLERK IS ACTING IN CLEAR ABSENCE OF JURISDICTION AND AUTHORITY PERSONALLY LIABLE FOR DAMAGES CAUSED BY WILLFULLY ISSUING VOID JUDGMENTS/RULINGS

6. **IT IS A FACT:** THE LOWER COURT CANNOT CONTINUE UNDER THE PRECEDENT OF A NON JUDGE'S AUTHORITY ON CONTESTED MOTIONS AND RULINGS.  A CORAM NON-JUDICE ACTING IN CLEAR ABSENCE OF AUTHORITY IS PERSONALLY LIABLE FOR DAMAGES[4].

## IX.   THE RIGHT NOT TO BE DEPRIVED OF RIGHTS OR DISENFRANCHISED WITHOUT DUE PROCESS OF LAW

*"The meaning of the section then seems to be, that no member of the state shall be disfranchised, or deprived of any of his rights and privileges, unless the matter be adjudged against him upon trial and according to the course of the common law.  It must be ascertained judicially that he has forfeited his privileges, or that someone else has a superior title to the property he possesses,*

---

[4] "*A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction.*" **_Stump v. Sparkman, 435 US 349 - Supreme Court 1978_**

*before either of them can be taken from him" (Taylor v. Porter, 4 Hill 140, 146; see, also, Wynehamer v. People, 13 N.Y. 378, 394 (1856)). Sharrock v. Dell Buick-Cadillac, Inc, 45 N.Y.2d 152, 161, 379 N.E.2d 1169, 1174, 408 N.Y.S.2d 39, 44 (1978).*

[1] *"§11.  No person shall be denied the equal protection of the laws of this state or any subdivision thereof. No person shall, because of race, color, creed or religion, be subjected to any discrimination in his or her civil rights by any other person or by any firm, corporation, or institution, or by the state or any agency or subdivision of the state."*

**X.    Thereby, as a state citizen this state court or administrative tribunal is prohibited to deny due process by presuming the undersigned State Citizen is a private person[5] or person[6] who may subjected to legal process,[7] quasi-judicial proceedings.[8]**

**THE COURT WILL TAKE JUDICIAL NOTICE OF THE FOLLOWING:**

7. It is a fact, the Declaration of Independence specifies that all just powers of government derive from the consent of the governed, and thereby the coram non-judice is required to provide proof Ryan Adam Dixon was provided informed consent[9] to be governed or ruled on by a coram non-judice.

---

[5] **42 USC SECTION 659  private person (4)** The term "private person" means a person who does not have sovereign or other special immunity or privilege which causes the person not to be subject to legal process.
[6] 42 USC § 1301(a)(3) The term "person" means an individual, a trust or estate, a partnership, or a corporation.
[7] **42 USC § 659(i)(5) The term "legal process"** means any writ, order, summons, or other similar process in the nature of garnishment— (A) which is issued by— (i) a court or an administrative agency of competent jurisdiction in any State, territory, or possession of the United States;
[8] **Quasi-judicial Definition** 1) A proceeding conducted by an administrative or executive official that is similar to a court proceeding, e.g. a hearing. A court may review a decision arising from a quasi-judicial proceeding. 2) A judicial act performed by an official who is either not a judge or not acting in his or her capacity as a judge.
[9] **Informed Consent** "An agreement to do something or to allow something to happen, made with complete knowledge of all relevant facts, such as the risks involved or any available alternatives." *https://www.law.cornell.edu/wex/informed_consent*

8. The court is required to judicial notice of an adjudicated fact[10] <u>VIRGINIA v. RIVES, 100 US 313-SUPREME COURT 1880</u> that proceedings and judgments are null and void under SCOTUS ruling.

9. The court or tribunal is required to take judicial notice of an adjudicated fact Stump v. Sparkman, 435 US 349 - Supreme Court 1978 that judges (or non judges) acting in clear absence of jurisdiction and/or authority is without judicial immunity[11] and thereby the court clerk and commissioner acting in clear absence of jurisdiction/authority will be subjected to liability for the harm caused by willfully issuing void judgments/rulings in contested motions.

10. Take notice to all parties, you are hereby judicially noticed that rulings, proceedings, or judgements by coram non-judice are absolutely void.

## XI.   ARGUMENT

11. In a lower court matter, on appeal, in Washington State Court of appeals District I, the respondent party made a motion to extend time. Subsequently, a court clerk/administrator "Lea Ennis" made a ruling, as a non judge, a "clerk" granting an extension of time after the plaintiff in this matter had objected, and made a subsequent notice, affidavit, and motion for default.

12. The details of the respondent and counsel in the lower court are moot, however the fact the court clerk/administrator made a ruling to grant an extension of time with no memorandum of law, no reference to any rules, and without any authority as a "court clerk/administrator", a non lawyer, and a non judge is especially notable.

13. Subsequently and to compound matters, a commissioner, a non judge, (coram non-judice) made a ruling against the plaintiff (appellant in the lower court) to deny his notice of

---

[10] "If the petition filed in the State court before trial, and duly verified by the oath of the defendants, exhibited a sufficient ground for a removal of the prosecutions into the Circuit Court of the United States, they were in legal effect thus removed, and the writ of habeas corpus was properly issued. All proceedings in the State court subsequent to the removals were Coram non-judice and absolutely void." <u>**VIRGINIA v. RIVES, 100 US 313-SUPREME COURT 1880**</u>

[11] "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction" <u>**Stump v. Sparkman, 435 US 349 - Supreme Court 1978**</u>

default, affidavit of default, and motion for default judgement solely based on the court clerk/administrator's (Lea Ennis) granting an extension of time to the respondent (in the lower court) with no legal rationale and no authority.

14. Summarily, a court clerk made a ruling to grant an extension of time, and a court commissioner denied a motion for default judgement in the lower court case, circumventing the plaintiff (appellant in the lower court) right to relief and default judgement in the matter. Both of the defendants are legally coram non-judice and void under SCOTUS rulings, and have effectively blocked the plaintiff's ability to garner relief under a motion for default judgement and have otherwise interfered with proceedings illegally under SCOTUS rulings.

15. Ennis and Kanazawa have also violated constitutional law under the 14th amendment under the separation of powers as they are administrative, and do not exercise any judicial authority under the constitution.

## XII.    FACTS BEFORE THE COURT IN THIS CASE

16. IT IS A FACT: secured rights denied by a coram non judice or any judge is trespass upon rights and deprivation of rights cf. 18 USC SECTION 242 AND PERSONALLY ACTIONABLE UNDER 42 USC SECTION 1983

17. IT IS A FACT: Ennis and Kanazawa trespassed upon the right to due process guaranteed to the undersigned by refusing to recognize the undersigned rights secured by state constitution and U.S.A. constitution bill of rights and Supreme Court of the United States (SCOTUS) Murray's Lessee v. Hoboken Land & Improvement Co. (1856) *"The words, "due process of law," were undoubtedly intended to convey the same meaning as the words, "by the law of the land," in Magna Charta. Lord Coke, in his commentary on those words, (2 Inst. 50,) says they mean due process of law. The constitutions which had been adopted by the several States before the formation of the federal constitution, following the language of the great charter more closely, generally contained the words, "but by the judgment of his peers, or the law of the land."*

18. IT IS A FACT: The Federal Rules of Civil Procedure also give relief from void orders under Rule 60(b)(4); (b) GROUNDS FOR RELIEF FROM A FINAL JUDGMENT, ORDER, OR PROCEEDING. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:(4) the judgment is void;

19. IT IS A FACT: Ennis has trespassed upon equal protection of law and impartial adjudicator as guaranteed by the 14th amendment as he/she is not an adjudicator of any sort;

20. IT IS A FACT: A "Court Clerk" is a person NOT A JUDGE also called CORAM NON-JUDICE. The Evidence of a VOID JUDGEMENT signed by a NON-JUDICIAL person is evidence to support the claim that the undersigned has been injured by ILLEGAL deprivation of rights in violation of the due process clause under the 14th amendment.

21. IT IS A FACT: the undersigned is a living man and is a state citizen with rights secured by state constitution with inalienable rights secured by the Constitution for the united States established in 1787-1791.

### XIII.  ADJUDICATED FACTS, INCORPORATED MEMORANDUM OF LAW

22. IT IS AN ADJUDICATED FACT: The supreme court has ruled that Magistrate (also known as surrogate judges and coram non judice) orders are absolutely null and void per: UNDER SUPREME COURT LAW VIRGINIA v rives, 100 US 313 - Supreme Court 1880 AND THE COURT CLERK IS ACTING IN CLEAR ABSENCE OF AUTHORITY AND PERSONALLY LIABLE FOR DAMAGES CAUSED BY WILLFULLY ISSUING VOID ORDERS/RULINGS;

23. IT IS AN ADJUDICATED FACT Burnham v. Superior Court of Cal., County of Marin, 495 US 604 - Supreme Court 1990 THAT ANY ORDERS OR JUDGMENTS COMING FROM A PROCEEDING CORAM NON JUDICE IS ABSOLUTELY VOID FOR LACKING PERSONAL JURISDICTION AND FOR VIOLATION OF DUE PROCESS CLAUSE OF THE 14TH AMENDMENT.

24. IT IS AN ADJUDICATED FACT: that when a person, man, or woman wars against the constitution that man or woman is committing treason and is a trespasser.

25. IT IS AN ADJUDICATED FACT, when a magistrate is acting without authority and loses the presumption of immunity and thereby must answer claims of injury caused by unlawful acts resulting in deprivation of rights. Traditionally that proposition was embodied in the phrase coram non judice, "before a person not a judge" — meaning, in effect, that the proceeding in question was not a judicial proceeding because lawful judicial authority was not present, and could therefore not yield a judgment. American courts invalidated, or denied recognition to, judgments that violated this common-law principle long before the Fourteenth Amendment was adopted. See, e. g., Grumon v. Raymond, 1 Conn. 40 (1814); Picquet v. Swan, 19 F. Cas. 609 (No. 11,134) (CC Mass. 1828); Dunn v. Dunn, 4 Paige 425 (N. Y. Ch. 1834); Evans v. Instine, 7 Ohio 273 (1835); Steel v. Smith, 7 Watts & Serg. 447 (Pa. 1844); Boswell's Lessee v. Otis, 9 How. 336, 350 (1850).

26. IT IS AN ADJUDICATED FACT: A Judge (commissioner, magistrate, or clerk) is not immune for tortuous acts committed in a purely Administrative, non-judicial capacity [Rankin v. Howard, 633 F.2d 844 (1980)] actions taken without jurisdiction and therefore it is an adjudicated fact [Stump v. Sparkman, id., 435 U.S. 349] that any judge or referee acting without jurisdiction does so without immunity.

### XIV.  THE THE AGGRIEVED PLAINTIFF AND APPELLANT IS ASSERTING AND INVOKING RIGHTS SECURED BY STATE CONSTITUTION AND CONSTITUTION FOR THE UNITED STATES OF AMERICA

27. The Aggrieved Claimant is asserting and invoking inalienable rights secured by the constitution for the united States created in 1787-1791, which is the law of the land and guarantees natural rights in a court of record.

28. It is a fact, the undersigned is a living man and is a state citizen with rights secured by state constitution with inalienable rights secured by the Constitution for the united States established in 1787-1791.

### XV.  OTHER NOTABLE MEMORANDUM OF LAW

OTHER UNITED STATES SUPREME COURT RULINGS

*29. It is through lawsuits against state officers that state compliance with federal law is achieved. [T]he availability of prospective relief of the sort awarded in Ex Parte Young gives life to the supremacy clause.*

*30. There can be no doubt that Title 42 (SEC 1983) was intended to provide a remedy, to be broadly construed, against all forms of official violation of federally protected rights.*

**Monnell vs. New York City Dep't of Social Service, 436 U.S. 658, 700-701 (1978)**

### XVI.  "Ignorantis juris non excusat or ignorantia legis neminem excuasat (Latin)

*31. [1]"ignorance of the law excuses not" and [2]"ignore of the law excuses no one"*

*It is a legal principle holding that a person who is unaware of a law may not escape liability for violating that law merely because one was unaware of it's content.*

*Put another way, it is presumed the public knows the laws, and a defense of ignorance is typically not allowed. The recent decision of* **State v. Miller (June 9, 2017)** *by the North Carolina State Supreme Court.*

### XVII.  GOVERNING PRINCIPLE OF OUR CONSTITUTIONAL DEMOCRACY

*32. "[all] the officers of the government from the highest to the lowest, are creatures of the*

*law, and are bound to obey it"*

*No man in this country is so high that he is above the law. No officer of the law may set that law at defiance with impunity."*

**Butz vs Economou, 438 U.S. 478, 506, (1978);** United States vs. Lee, 106 U.S., at 220 (1882)

## XVIII. CONCLUSION

33. Lea Ennis, Court Clerk/Administrator; Commissioner Masako Kanazawa; Washington State Court of Appeals District I. has violated various laws, codes, and supreme court rulings regarding non- judges referred to magistrates, surrogates, or coram non-judice or otherwise persons being non-judges.

34. Lea Ennis, Court Clerk/Administrator; Commissioner Masako Kanazawa; Washington State Court of Appeals District I has violated the aggrieved petitioner's rights and ability to collect damages on a notice of default, illegally, without consent, and authority.

35. The aggrieved plaintiff demands Lea Ennis, Court Clerk/Administrator; Commissioner Masako Kanazawa; Washington State Court of Appeals District I or any other magistrate not participate in any rulings or orders of any merit due to the adjudicated fact he/she is a person, not a judge.

## XIX. DEMANDED RELIEF

36. See claim for relief by each party.

## XX. EXHIBITS/EVIDENCE:

37. Exhibit "A" Clerk's notated uling – (for an extension of time)

38. Exhibit "B" Clerk's notated ruling (to treat a void ruling as a motion to modify)

39. Exihibit "C" Commissioner's notated ruling to deny default judgement (based on clerk's ruling)

---

[1] **Sovereign** - Noun a monarch; a king, queen, or other supreme ruler..

[1] "*One may be a citizen of a State and yet not a citizen of the United States. Thomasson v State, 15 Ind. 449; Cory v Carter, 48 Ind. 327 (17 Am. R. 738); McCarthy v. Froelke, 63 Ind. 507; In Re Wehlitz, 16 Wis. 443."*
**Mc Donel v State, 90 Ind. Rep. 320 at pg 323;**

[1] **8 U.S. Code § 1101. Definitions (21) The term "national"** means a person owing permanent allegiance to a state.

[1] *"But it certainly violates the Fourteenth Amendment, and deprives a defendant in a criminal case of due process of law, to subject his liberty or property to the judgment of a court the judge of which has a direct, personal, substantial, pecuniary interest in reaching a conclusion against him in his case."*- **TUMEY v OHIO 273 U.S. 510 (1927) Supreme Court of United States.**

[1] **[Grand jury; protection of certain enumerated rights; duty of public officers to sign waiver of immunity and give testimony; penalty for refusal]** §6. *No person shall be deprived of life, liberty or property without due process of law.*

[1] "If the petition filed in the State court before trial, and duly verified by the oath of the defendants, exhibited a sufficient ground for a removal of the prosecutions into the Circuit Court of the United States, they were in legal effect thus removed, and the writ of habeas corpus was properly issued. All proceedings in the State court subsequent to the removals were Coram non-judice and absolutely void." **VIRGINIA v. RIVES, 100 US 313- SUPREME COURT 1880**

_____ 08/27/2021

Ryan Adam Dixon

Without Prejudice U.C.C. 1-308

SEPARATE CERTIFICATE OF SERVICE/SERVICE OF PROCESS TO FOLLOW

# EXHIBIT "A"

LEA ENNIS,
*Court Administrator/Clerk*

*The Court of Appeals*
of the
*State of Washington*

DIVISION I
One Union Square
600 University Street
Seattle, WA
98101-4170
(206) 464-7750

August 18, 2021

Ryan Dixon
5060 Pecan Road
Ocala, FL 34472
ryandixon1228@gmail.com

Cynthia F Buhr
Skellenger Bender
1301 5th Ave Ste 3401
Seattle, WA 98101-2630
cbuhr@skellengerbender.com

CASE #: 82528-3-I
In re the Parentage of NLD., Ryan Adam Dixon, Appellant v. Matthew Goguen, Respondent

Counsel:

The following notation ruling by Lea Ennis, Court Administrator/Clerk of the Court was entered on August 13, 2021, regarding Respondent's motion to continue deadline for Brief of Respondent until September 10, 2021:

       Granted.

Sincerely,

Lea Ennis
Court Administrator/Clerk

LAM

**EXHIBIT "B"**

*The Court of Appeals*
*of the*
*State of Washington*

LEA ENNIS
*Court Administrator/Clerk*

DIVISION I
One Union Square
600 University Street
Seattle, WA
98101-4170
(206) 464-7750

August 24, 2021

Cynthia F Buhr
Skellenger Bender
1301 5th Ave Ste 3401
Seattle, WA 98101-2630
cbuhr@skellengerbender.com

Ryan Dixon
5060 Pecan Road
Ocala, FL 34472
ryandixon1228@gmail.com

Case #: 82528-3
In re the Parentage of NLD, Ryan Adam Dixon, Appellant v. Matthew Goguen, Respondent
King County Superior Court No. 20-5-00124-5

Counsel:

On August 23, 2021 the following documents were filed: (1) notice of objection to Lea Ennis ruling for extension of time; notice of objection to Commissioner Masako Kanazawa (2) Notice of motion to strike Lea Ennis ruling for extension of time; notice of motion to strike Commissioner Masako Kanazawa denial of default judgment (3) Notice of motion for a real judge to rule on extension and subsequent objection, notice of motion for a real judge to rule on notice and affidavit and motion for default. In accordance with RAP 17.7 (a) those documents will be treated as motions to modify.

Any response to the motions are due by September 3, 2021. Any reply to the response is due 10 days after the response is filed. After the time period for the reply has passed, the motions will be submitted to a panel of this court for determination without oral argument. RAP 17.5(b). The parties will be notified when a decision on the motion has been entered.

Sincerely,

Lea Ennis
Court Administrator/Clerk

ssd

# EXHIBIT "C"

*The Court of Appeals*
of the
*State of Washington*

LEA ENNIS,
*Court Administrator/Clerk*

DIVISION I
One Union Square
600 University Street
Seattle, WA
98101-4170
(206) 464-7750

August 18, 2021

Ryan Dixon
5060 Pecan Road
Ocala, FL 34472
ryandixon1228@gmail.com

Cynthia F Buhr
Skellenger Bender
1301 5th Ave Ste 3401
Seattle, WA 98101-2630
cbuhr@skellengerbender.com

CASE #: 82528-3-I
<u>In re the Parentage of NLD., Ryan Adam Dixon, Appellant v. Matthew Goguen, Respondent</u>

Counsel:

The following notation ruling by Commissioner Masako Kanazawa of the Court was entered on August 18, 2021, regarding Appellant's Motion for Default Judgment:

> The motion for a default judgment is denied. Appellant is not entitled to a "reversal of all orders by the lower court" or attorney fees based on respondent's obtaining an extension of the time to file a brief.

Sincerely,

*[signature]*

Lea Ennis
Court Administrator/Clerk

LAM