UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RYAN ADAM DIXON, | CASE NO. 21-1171-RSM |
| Plaintiff, | ORDER ON PLAINTIFF'S MOTION TO RECUSE |
| v. | |
| LEA ENNIS, *et al.*, | |
| Defendants. | |

On November 25, 2021, Plaintiff Ryan Dixon moved to disqualify the Honorable Ricardo S. Martinez from this action. Dkt. #12. For the reasons set forth below, the undersigned declines to recuse himself and directs this motion to be set on the Honorable Richard A. Jones' calendar for consideration.

I.   BACKGROUND

Plaintiff, proceeding pro se, initiated this 42 U.S.C. § 1983 action on August 26, 2021 against defendants Lea Ennis, Masako Kanazawa, and the Washington State Court of Appeals. Dkt. #1. On August 30, 2021, the Clerk of Court notified Plaintiff of several deficiencies in his filing, including failure to pay the filing fee or, alternatively, to submit an application for In Forma Pauperis (IFP). Dkt. #2. This notice advised Plaintiff that he needed to pay the filing fee or submit an IFP form by September 29, 2021. *Id.* Plaintiff failed to pay the filing fee or submit an IFP

application and instead filed a motion for free access to judicial tribunal. Dkt. #6. On October 28, 2021, this Court struck Plaintiff's motion as procedurally improper and allowed Plaintiff an additional 14 days to correct the filing deficiency. Dkt. #7. Plaintiff paid the filing fee on November 8, 2021 and summonses were issued on November 24, 2021. Dkt. #11.

On November 25, 2021, Plaintiff moved for recusal of the undersigned based on the October 28, 2021 order striking his motion and extending the deadline to remedy his filing deficiency. Dkt. #12. Plaintiff argues that the undersigned violated Rule 201 of the Federal Rules of Evidence and several provisions of the U.S. Constitution.

## II.   DISCUSSION

### A. Legal Standard

A judge of the United States shall disqualify himself in any proceeding in which his impartiality "might reasonably be questioned." 28 U.S.C. § 455(a). Federal judges also shall disqualify themselves in circumstances where they have a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding. 28 U.S.C. § 455(b)(1). Pursuant to 28 U.S.C. § 144, "whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." "[A] judge's prior adverse ruling is not sufficient cause for recusal." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986); *see also Taylor v. Regents of Univ. of Cal.*, 993 F.2d 710, 712 (9th Cir. 1993) ("To warrant recusal, judicial bias must stem from an extrajudicial source.").

Plaintiff moves for recusal on the basis that the Court's October 28, 2021 order violated the Federal Rules of Evidence and the United States Constitution. Dkt. #12. In support of his

motion, Plaintiff argues that his motion for free access to the tribunal was brought in accordance with U.S. Supreme Court precedent and that the Court's order failed to cite any law. *Id.*

As an initial matter, the Court encourages Plaintiff to review this district's pro se guide to filing a lawsuit. To initiate a civil case in this district, a filer must file a complaint and a civil cover sheet. *See Pro Se Guide to Filing Your Lawsuit in Federal Court*, W.D. Wash., https://www.wawd.uscourts.gov/sites/wawd/files/ProSeGuidetoFilingYourLawsuitinFederalCourt.pdf at 9 (last revised March 2021). A plaintiff must also either pay a filing fee or submit an IFP application requesting that the Court waive the filing fee. *Id.* The Court's October 28, 2021 order was not an adverse ruling against Plaintiff, but instead informed him of these procedural requirements and allowed him additional time to comply—either by paying the filing fee, or by submitting an IFP application to request that this Court waive his fee.

Furthermore, nothing presented in Plaintiff's Motion convinces the Court that the standards for recusal have been met. To the extent Plaintiff relies on the Court's order as evidence that the undersigned must be disqualified, *see* Dkt. #12, it is well-established that prior rulings are not a valid basis for recusal. *See Studley*, 783 F.2d at 939; *see also Taylor*, 993 F.2d at 712. Plaintiff's allegations of impartiality and prejudice are factually and legally unsupported. For these reasons, the undersigned declines to voluntarily recuse himself from this matter.

### III.   CONCLUSION

Accordingly, the Court hereby ORDERS that:

(1) The undersigned will not voluntarily recuse himself from this matter.

(2) Plaintiff's motion, Dkt. #12, shall be REFERRED to the active judge with the highest seniority, the Honorable Richard A. Jones, in accordance with LCR 3(f) for a determination as to its merits.

(3) This action is STAYED pending resolution of the recusal issue, and no further motions shall be filed in this matter until the stay is lifted.

(4) The Clerk is directed to provide copies of this order to Plaintiff.

DATED this 2nd day of December, 2021.

*[signature]*

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE