HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RYAN ADAM DIXON,

    Plaintiff,

  v.

LEA ENNES, *et al*.,

    Defendants.

Case No. 21-cv-01171-RAJ

ORDER ON REVIEW DECLINING TO RECUSE

On December 2, 2021, the Honorable Ricardo S. Martinez issued an Order declining to recuse himself in response to Plaintiff's motion to disqualify. Dkt. # 13. In accordance with the Western District's Local Rules, the Order was referred to this Court for review. *See* LCR 3(e).

A judge of the United States shall disqualify himself in any proceeding in which his impartiality "might reasonably be questioned." 28 U.S.C. § 455(a). Additionally, federal judges shall disqualify themselves in circumstances where they have a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding. 28 U.S.C. § 455(b)(1). Pursuant to 28 U.S.C. § 144, "whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." "[A]

ORDER – 1

judge's prior adverse ruling is not sufficient cause for recusal." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986); see also *Taylor v. Regents of Univ. of Cal.*, 993 F.2d 710, 712 (9th Cir. 1993) ("To warrant recusal, judicial bias must stem from an extrajudicial source.").

The Court has reviewed Plaintiff's Motion. Plaintiff argues Chief Judge Martinez is biased because he ruled against Plaintiff's motion for free access. Dkt. #12 at 2. Dissatisfaction with prior judicial rulings is not sufficient cause for recusal. *See Studley*, 783 F.2d at 939. Judicial bias must stem from an extrajudicial source. *Taylor*, 993 F.2d at 712.

Plaintiff does not accuse Chief Judge Martinez of having a financial interest in the outcome of this case or of knowing Defendants personally. Plaintiff only accuses Chief Judge Martinez of improperly ruling against his motion, and then suggests his role as Chief Judge means that all other Western District judges are "subordinate" and cannot fairly rule on this motion to disqualify. Dkt. #15 at 7. Plaintiff fails to set forth a basis to reasonably question Judge Martinez's impartiality.

Accordingly, the Court hereby finds and ORDERS that Chief Judge Martinez's refusal to recuse himself from this matter and denial of Plaintiff's Motion is AFFIRMED. The Clerk is directed to refer this case back to Chief Judge Martinez.

DATED this 25th day of July, 2022.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge

ORDER – 2